## WILL v. PEOPLES et.

Ohio Appeals, 4th Dist., Meigs Co.

Decided Apr. 17, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**573. GIFTS—997. Real Estate—480. Evidence.**
Parol gift of real estate must be established by clear and convincing proof. Mere intention to make gift never sufficient. There must be time when and place where donor completely divests himself of all title to and control over property involved and such property passes unconditionally to ownership and control of donee.

Appeal from Common Pleas.

Decree for defendant.

Peoples & Peoples, Pomeroy, for Will.
D. H. Peoples and L. Crary Davis, Pomeroy, for Peoples et.

### FULL TEXT.

MIDDLETON, P. J.
This cause comes into this court on appeal from the Court of Common Pleas and is an action to quiet title to certain real estate which the plaintiff claims was given to him by his parents during their lifetime by parol. There are no special circumstances or features involved in the case which make it necessary to discuss the facts in detail. It seems to be conceded by the parties that it is incumbent on the plaintiff herein to establish such parol gift by clear and convincing proof.

A consideration of all of the evidence in the case leaves the claim of the plaintiff in doubt. This is so for the reason that it can not be determined satisfactorily from the evidence the time when and place where such parol gift was actually made. A mere intention to make a gift is never sufficient. There must be a time when and where the donor completely divests himself of all title to and control over the property involved and such property passes unconditionally to the ownership and control of the donee. There is evidence in the record offered by plaintiff tending to show that as early as 1904 the mother of the plaintiff stated to a witness that the farm belonged to the plaintiff but "that he was not of age and she had the farm to look after." The same witness testified that as late as 1920 the mother said "she was going to give it to him; she was going to make a deed right away as she was getting old and poorly." It is in evidence by a brother of the plaintiff that in 1911 the witness at the instance of his father and mother told the plaintiff that they wanted him to come back to the farm, "that the farm was his and he must come back and take care of it." It is further in evidence that the father died in 1913 owning one-half of substantially all of the land in dispute and that nothing was then done or has since been done until the bringing of the instant action to procure from his heirs a consummation of the gift claimed to have been made by the father and mother in the former's lifetime. The testimony of the brother referred to is the best evidence offered by the plaintiff in support of his claim and without that evidence there is no direct proof of a gift. But if we are to believe all that the brother testified to it is apparent from his testimony that when Mrs. Bolin died she was the owner by gift of the farm in question and that therefore the title thereto would now be in her heirs.

A circumstance which we regard as very significant in the case is that during the life time of the mother, who died in 1923, she purchased a farm containing one hundred and ten acres for the plaintiff and his children and at her direction this farm was conveyed directly by the vendor to them. This was in the year 1915. It is very difficult to understand why a woman of her apparent intelligence would not at the time she was thus arranging for the interests of her son also have completed the conveyance to him of the land in dispute. If she at that time recognized any legal duty to convey the farm now claimed by the plaintiff to him it is very difficult to understand why she did not complete her purpose in respect to the property she desired him to have. Moreover, within a short time of her death she executed a lease for oil and gas on the premises claimed by the plaintiff and the party who took this lease testified that he told the plaintiff that he had leased from the mother the farm the plaintiff was then living on and that the plaintiff did not say anything in reply to this information. These undisputed acts of the mother are hard to reconcile with the claim of the plaintiff that for many years prior to that time he was the owner of the lands by parol gift from his father and mother.

We are therefore unable under all the facts as disclosed by the evidence to grant the plaintiff the relief he demands in this action and the decree of this court will be the same as that made in the Court of Common Pleas, to which court the case is remanded for execution and further proceedings according to law. (Mauck and Thomas, JJ., concur.)